## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN WOOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-680-D |
| | ) | |
| ALLSTATE VEHICLE AND | ) | (Remanded to Oklahoma |
| PROPERTY INSURANCE COMPANY; | ) | County District Court, Case |
| NERISSA BERRY INSURANCE | ) | No. CJ-2025-2882) |
| AGENCY, LLC; and NERISSA BERRY, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 14]. Defendant Allstate

Vehicle and Property Insurance Company filed a response [Doc. Nos. 15, 19],[1] to which

Plaintiff replied [Doc. No. 16]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff owns property located in Oklahoma County, which was insured under an

Allstate policy. Plaintiff purchased the insurance policy through Nerissa Berry's Insurance

Agency, LLC (NBIA). The property was damaged by a storm on or about April 27, 2024.

Plaintiff filed this action in state court on May 2, 2025, alleging that Allstate wrongfully

denied Plaintiff's insurance claim for the damage. In addition to her claims against Allstate,

---

[1] Defendant filed Defendant Allstate Vehicle and Property Insurance Company's Amended
Objection to Plaintiff's Motion to Remand [Doc. No. 19] pursuant to the Court's order
granting Defendant Allstate Vehicle and Property Insurance Company's Motion to Amend
its Objection to Plaintiff's Motion to Remand to Correct Scrivener's Error [Doc. No. 17].

Plaintiff asserted a claim against Nerissa Berry for negligent procurement of insurance, and a claim against Nerissa Berry and NBIA for constructive fraud and negligent misrepresentation.

Allstate timely removed the case to this Court on June 18, 2025. In its notice of removal, Allstate alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction [Doc. No. 1]. Although Nerissa Berry and NBIA are non-diverse parties, Allstate contends that Nerissa Berry and NBIA were fraudulently joined by Plaintiff to defeat diversity jurisdiction.

On July 18, 2025, Plaintiff filed the present motion to remand, arguing that Allstate cannot meet its "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, Allstate must establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden" on the party asserting fraudulent joinder, Allstate must show under the "actual fraud" prong that Plaintiff essentially "lied

in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, Allstate must show that there is no possibility that Plaintiff would be able to establish a cause of action against the purportedly fraudulently joined party in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[2] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## PLAINTIFF'S ALLEGATIONS

On April 27, 2024, Plaintiff's property was damaged in a storm [Doc. No. 1-6, Pet., ¶¶ 9, 14(a)]. Plaintiff timely filed an insurance claim for the damage. *Id.* ¶ 14(c). At all

---

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

relevant times, Plaintiff's property was covered by a policy with Allstate. *Id.* ¶ 4. The offices of Nerissa Berry facilitated the sale of the Allstate policy to Plaintiff. *Id.* ¶ 2.

When Plaintiff was seeking to purchase insurance, Plaintiff contacted Nerissa Berry to obtain full replacement cost homeowners insurance coverage from Allstate. *Id.* ¶ 51(a). Plaintiff requested that Nerissa Berry obtain a replacement cost policy that would provide coverage for the insured property in the event of a loss. *Id.* Nerissa Berry "independently established, calculated, and set the [p]olicy's replacement cost value and resultant policy coverage limits." *Id.* ¶ 51(c).

Prior to issuing the policy, neither Allstate nor Nerissa Berry inspected the property or procured a third-party inspection. *Id.* ¶ 52(a). Nerissa Berry did not verify the condition of the insured property; did not disclose to Plaintiff that the insured property was ineligible for the requested replacement cost coverage for any reason; did not advise Plaintiff that the insured property had any defect, pre-existing damage, or other conditions that would exclude it under Allstate's underwriting rules from replacement cost coverage; and did not disclose to Plaintiff that the replacement cost value calculated for the property did not in fact represent 100% insurance to value.

Following Plaintiff's submission of her insurance claim, Allstate sent an adjuster to the property to conduct an inspection. *Id.* ¶ 14(d). Allstate prepared an estimate of $3,392.28. *Id.* ¶ 14(e). Accordingly, "Allstate issued a letter to Plaintiff denying her claim on the basis that the damage it assessed did not exceed the [p]olicy deductible." *Id.* ¶ 14(g). Plaintiff requested that Allstate reconsider its assessment, which it did, but the reconsidered estimate "essentially mirrored Allstate's first estimate." *Id.* ¶ 14(m). Plaintiff then hired her

own roofing contractor to inspect the insured property; he found extensive hail and wind damage to the property. *Id.* ¶ 14(n). The contractor submitted the evidence to Allstate and they prepared a third estimate which was also identical to the initial estimate. *Id.* ¶ 14(o). Plaintiff convinced Allstate to prepare one final estimate. *Id.* ¶ 14(q). Allstate did so, but this estimate was also identical to the previous three estimates. *Id.* ¶ 14(r).

Allstate engages in a "systematic and pervasive [s]cheme" whereby Nerissa Berry "advanced the [s]cheme through material misrepresentations and/or omissions regarding the condition of the [i]nsured [p]roperty." *Id.* ¶ 10. Allstate utilizes agents and, in this case, Nerissa Berry, to represent to the insured that "the property to be insured meets Allstate's underwriting requirements for the coverage bound" and "the replacement cost value (and resultant coverage limit) Allstate's agent calculated for the insured is accurate." *Id.* ¶ 13(a). Allstate's agent then "wholly fails to disclose the [s]cheme to the insured," to include "using an array of (i) undisclosed definitions and coverage limitations that are entirely absent from the four corners of the policy, and (ii) bad faith claims handling tactics that are rigged against the insured." *Id.* ¶ 13(b), (f).

For her negligent procurement claim against Nerissa Berry, Plaintiff alleges that Nerissa Berry knowingly procured and renewed: illusory coverage; coverage deviating substantially and materially from that which Plaintiff requested; a policy that did not accurately reflect the replacement cost of the insured property; and a policy that, as written, did not provide coverage to fully restore the insured property back to its pre-loss condition. *Id.* ¶ 56. Plaintiff further alleges in part that Nerissa Berry failed to: follow and abide by Allstate's underwriting policies/guidelines; perform all necessary inspections of the

5

insured property; confirm the accuracy of the pre-filled information provided by Allstate's replacement cost estimating tool; disclose pre-existing damage to the insured property; verify whether its inherent representation to Allstate and Plaintiff that the insured property (including the roof) was in good condition was accurate; procure and renew a policy that provided the requested coverage for all fortuitous losses; and disclose all material facts of the scheme as outlined within the petition. *Id.* ¶ 57.

## DISCUSSION

### I.    Inability to State Cause of Action—Negligent Procurement

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Upon careful consideration of the record, the Court finds that Allstate has not met its heavy burden to show—with complete certainty—that Plaintiff cannot state a negligent procurement claim against Nerissa Berry in state court.[3] *See Oliver v. State Farm Fire &*

---

[3] Given this determination, the Court need not address Plaintiff's constructive fraud claim against Nerissa Berry and NBIA. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (citation omitted) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in *at least one claim* against the non-diverse defendant").

*Cas. Co.*, 765 F.Supp.3d 1244, 1250-51 (W.D. Okla. 2025) (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F.Supp.3d 1200, 1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, . . . that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement,'" and that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat'").

Allstate cites to this Court's decision, *Rain Drop Found., Inc. v. State Farm Fire & Casualty Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). In *Rain Drop*, the Court in part based its denial of remand on actual fraud in the plaintiff's allegations. Specifically, the plaintiff alleged that its agent represented that damaged shingles would be replaced in conformance with the manufacturing specifications and "further explained this was true because the [p]olicy term, 'similar construction' guaranteed replacement with identical or near identical equivalents of quality." *Id.* at *1.

However, the term "similar construction" did not appear in the plaintiff's policy, "lending credence to the possibility that there [was] no good faith basis by which to allege" that the agent had represented or explained "similar construction." *Id.* at 3. In further finding that the agent could not be liable for negligent procurement of insurance, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to pre-existing damage; and 2) the "insurance agent had allegedly underwritten the . . . polic[y] and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id.* at *4.[4]

Rather, this case is more like the Court's decision in *Pruitt v. State Farm Fire & Casualty Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025). In *Pruitt*, the Court granted the plaintiff's motion to remand and based its determination largely on the plaintiff's assertion that State Farm's denial was in reliance on pre-existing damage and the defendant's negligent performance of his procurement duties. *Id.* at *4.

Plaintiff contends that pre-existing damage was the basis for Allstate's policy denial and, further, that Nerissa Berry was negligent in performing her procurement duties. Thus, the Court finds that this case is less analogous to *Rain Drop*, and more analogous to *Pruitt*,

---

[4] This case is also distinguishable from the Court's recent order in *Stone v. State Farm Fire & Casualty Co.*, No. CIV-25-7-D, 2025 WL 3090772 (W.D. Okla. Aug. 20, 2025), as the Court based its denial of remand, in part, on the plaintiff's misrepresentation that State Farm failed to inspect the property in the underwriting process, when it did inspect the property. *Id.* at 6-7. Additionally, the Court based its denial of remand, in part, on the plaintiff's misrepresentation that the defendants made fraudulent representations when the policy was renewed, even though the policy was automatically renewed, and one of the defendants was not involved in any of the relevant renewals. *Id.* at 9. Such is not the case here.

*Kyger*, and *Oliver*, cited above. Upon careful consideration of Plaintiff's allegations, and construing fact issues in favor of Plaintiff, the Court finds Allstate has failed to show with complete certainty that Plaintiff cannot establish a negligent procurement claim against Nerissa Berry in state court. Accordingly, Allstate has not met its "heavy burden" to establish fraudulent joinder.

## II.    Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2 (quotation omitted). In its notice of removal, Allstate contends that Plaintiff has engaged in fraud in the pleading of jurisdictional facts. In support, Allstate primarily argues that this case is similar to several others filed against other insurers based on similar underwriting failures, and that this is indicative of fraud.

As Allstate is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, No. CIV-24-1132-R, 2025 WL 342871, at *4 (W.D. Okla. Jan. 30, 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by [p]laintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as [p]laintiffs note, the [p]etition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co., et al.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie-cutter' petitions"); *Rain Drop Found.,*

*Inc.*, 2025 WL 582562, at *5 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder."); *Martin v. Allstate Vehicle and Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that Allstate has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against Allstate and other insurers. Accordingly, the Court finds that Allstate has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

## CONCLUSION

For the reasons stated herein, the Court finds that Allstate has not established fraudulent joinder, and this Court lacks subject matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 14] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 27th day of January, 2026.


_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge